# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8689 (Cook County Circuit Court No. 11 CR 17325) | **DATE** | 1/10/12 |
| **CASE TITLE** | State of Illinois vs. Erwin Robert Feyrer (2011-0928137) | | |

**DOCKET ENTRY TEXT**

Petitioner Erwin Feyrer's petition and amended petition to remove his criminal case [1, 6] are denied. This case is remanded to the Cook County Circuit Court. The Clerk of the Court shall mail a copy of this order to the Clerk of the Cook County Circuit Court. Feyrer's motion to proceed *in forma pauperis* [3] is denied. All other pending motions are denied. The case before this Court is closed.

■[ For further details see text below.]                                                                                  Docketing to mail notices.

## STATEMENT

   Erwin Robert Feyrer, incarcerated at the Cook County Jail (inmate #2011-0928137), seeks to remove his state criminal case to this court. (Cook County Circuit Court No. 11 CR 17325). He asserts that he is being charged with a parole violation based upon false information from a parole agent. Feyrer states a litany of violations and problems with his state criminal proceeding: missing transcripts from his previous criminal case, improperly concealed records with his prior incarceration, harassment by a parole agent, an *ex post facto* violation, false arrest, false imprisonment, and denial of his Equal Protection rights. Feyrer contends that his current criminal charges are in retaliation for complaints he has made against a state court judge and alleges that parole agents and police officers have lied to prosecute him.
   Removal of a criminal case from state court to this court is governed by 28 U.S.C. § 1443(1), which provides for the removal of a state proceeding in which the defendant "is denied or cannot enforce in the [state court] a right under any law providing for the equal civil rights of citizens of the United States...." A case may be removed under § 1443(1) only if the defendant is deprived of a federal right specifically involving racial discrimination. *Indiana v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997), citing *Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966); *see also State of Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986). "Basically, the purpose of § 1443 is to protect defendants from groundless state charges based on race, assuming that a federal court will be more protective of federally guaranteed equal rights." *Illinois v. Esang*, No. 11 C 1354, 2011 WL 829385, *2 (N.D. Ill. March 3, 2011) (quoting *People of Illinois ex rel. Madigan v. Tarkowski*, No. 08 C 5955, 2009 WL 77671, *2 (N.D.Ill. Jan. 9, 2009)); see also *J.O. v. Alton Community Unit School Dist.11*, 909 F.2d 267, 270 n.2 (7th Cir.1990). "Section 1443 simply does not apply to laws such as the due process clause and 42 U.S.C. § 1983 that work to guarantee rights available to all persons or citizens." *J.O. v. Alton Community Unit School Dist.11*, 909 F.2d at 270 n.2 (citations omitted).
   In the present case, Feyrer's removal is not based on racial discrimination. He explains in both his original and amended petitions that he believes his current criminal charges are the result of his complaints about a state court judge, with whom a parole agent and police officer joined to falsely charge him with a parole violation.

## STATEMENT

(*See* Doc. #1, Petition at 1-3; Doc. #6, Amended Pet. at 6-9.) Though Feyrer includes the Equal Protection Clause among his list of violations with his state court proceedings, he recites the constitutional provision but states no equal protection violation and certainly no discrimination based on race. (Doc. #6 at 5.); see also, e.g., *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,555 (2007) (mere labels, conclusions, and a formulaic recitation of the elements of a cause of action are insufficient under Fed. R. Civ. P. 8(a)'s notice-pleading requirement). Thus, it is clear from Feyrer's filings that racial discrimination is not a ground for his removal.

The foregoing analysis demonstrates that removal of this case is not proper. Accordingly, Feyrer's petition for removal is denied, and this case is remanded to the Cook County Circuit Court. His motion to proceed *in forma pauperis*, as well as any other pending motion, is denied. This case is closed in this Court.